IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| Utah Physicians for a Healthy Environment, Inc., <br><br> Plaintiff, <br> v. <br><br> TAP Worldwide, LLC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SET INITIAL SCHEDULING CONFERENCE <br><br> Case No. 2:19-cv-00628-DBB-DBP <br><br> District Judge David B. Barlow <br><br> Magistrate Judge Dustin B. Pead |
|---|---|

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(a) from District Judge David Barlow. (ECF No. 18.) Pending before the court is Plaintiff's Motion to Set Initial Scheduling Conference. (ECF No. 27.) Having considered the parties memoranda and relevant case law, the court denies the motion as set forth below.[1]

Plaintiff filed this case in September 2019. (ECF No. 2.) The parties then properly entered into a series of stipulations extending the time for Defendant to answer the Complaint. (ECF No. 10, ECF No. 12.) On December 16, 2019, the court entered an Order to Propose Schedule providing the procedure for the parties to follow in entering a scheduling order. (ECF No. 13.) Approximately three weeks later, Defendant filed a Motion to Dismiss that is currently pending. (ECF No. 14.) Plaintiff now moves the court to set an initial scheduling conference. (ECF No. 27.)

In the motion, Plaintiff seeks limited discovery while the Motion to Dismiss is pending asserting a dispositive motion does not automatically result in a stay of discovery. Defendant

---

[1] The court finds oral argument would not be helpful and therefore will decide the motion on the basis of the written memoranda. DUCivR 7-1(f).

opposes such discovery, arguing its motion is fully dispositive and "discovery will only serve to waste resources and time." (ECF No. 29 p. 5.) The court agrees with Defendant. Although the Motion to Dismiss was filed after the court entered its Order to Propose Schedule, it was filed before the parties met as required by Rule 26(f).

The court has broad discretion to control discovery and may modify the timing and sequence of discovery for the convenience of the parties and witnesses "in the interests of justice." Fed. R. Civ. P. 26; *see, e.g., Icon Health & Fitness, Inc. v. Johnson Health Tech North America, Inc.*, 2011 WL 13136539 (D. Utah Mar. 1, 2011). A party seeking discovery in advance of a Rule 26(f) conference bears the burden of showing good cause for departing from the usual discovery procedure. *See Pod–Ners, LLC v. Northern Feed & Bean of Lucerne, LLC*, 204 F.R.D. 675, 676 (D.Colo.2002). And, Plaintiff has failed to meet that burden here. The cases cited to by Plaintiff, *KomBea Corp. v. Noguar, L.C.*, 2014 WL 5339387 (D. Utah Oct. 20, 2014) and *Osborn v. Brown*, 2013 WL 1703748 (D. Utah Apr. 19, 2013) are inapplicable here. They both involve different procedural circumstances, such as a motion that was not dispositive, *KomBea Corp.* 2014 WL 5339387, at *1, or objections to discovery that were filed much farther into the case. *Osborn*, 2013 WL 1703748, at *1. Here, it is early in the case with no Answer on file and the Motion to Dismiss filed by Defendant is dispositive of the case.

Based on the foregoing, Plaintiff's Motion to Set Initial Scheduling Conference is DENIED.

DATED this 2 April 2020.

_____
Dustin B. Pead
United States Magistrate Judge