*Attorneys for Plaintiff*

Reed Zars, Utah Bar No. 16351
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 760-6268
reed@zarslaw.com

Michelle Amelia Newman
Utah Bar No. 18065
105 Parkview Terrace
Park City, UT 84098
(610) 761-7643
micanewman@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC.,<br><br>Plaintiff,<br>v.<br><br>TAP WORLDWIDE, LLC (d/b/a 4 WHEEL DRIVE HARDWARE, TRANSAMERICAN AUTO PARTS, UNITED WEB SALES, 4 WHEEL PARTS, 4 WHEEL PARTS PERFORMANCE CENTER, and TRANSAMERICAN WHOLESALE),<br><br>Defendant. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OR CERTIFICATION OF ORDER PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Case No. 2:19-cv-00628<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

TAP Worldwide's Motion for Reconsideration or Certification (ECF No. 54) of this Court's January 25, 2022, Memorandum Decision and Order (ECF No. 50) is without merit and should be denied. TAP's motion to reconsider should be denied because it rehashes arguments already rejected by the Court and threatens to further delay Plaintiff Utah Physicians for a Healthy Environment's (UPHE) prosecution of this now 2½ year-old Clean Air Act case brought in the public interest. TAP's motion in the alternative to

certify for interlocutory appeal the statutory standing question to the Tenth Circuit Court of Appeals should be denied because it, too, merely repeats the arguments made and rejected less than two months ago in *UPHE v. Diesel Power Gear, LLC*, 21 F.4th 1229 (10th Cir. 2021) ("*Diesel Power*"). In a nutshell, interlocutory relief is not warranted because TAP has failed to show any substantial grounds for a difference of opinion in the Tenth Circuit sufficient to reverse that Court's unanimous decision in *Diesel Power*, and has failed to show that its proposed interlocutory appeal would do anything other than maintain this case in a state of suspended animation.

## PROCEDURAL BACKGROUND

On September 5, 2019, UPHE filed its complaint alleging TAP had committed repeated and ongoing violations of the Clean Air Act ("CAA") by selling and installing parts that defeat motor vehicle emission control devices. *See generally* ECF No. 2. On January 7, 2020, TAP moved to dismiss. ECF No. 14. Briefing on the motion concluded in February 2020. On March 13, 2020, however, UPHE submitted as supplemental authority Chief Judge Shelby's March 6, 2020 bench trial order in *UPHE v. Diesel Power Gear*, 2:17-cv-32 (ECF No. 168), that found, counter to TAP's principle argument in its motion to dismiss here, citizens can enforce the anti-tampering provisions in the CAA and Utah SIP. TAP did not seek intervenor or amicus status in the *Diesel Power* appeal.

On March 4, 2020, UPHE filed a motion for an initial scheduling conference and limited discovery during the pendency of TAP's motion to dismiss. ECF No. 27. Magistrate Judge Pead denied UPHE's motion on April 2, 2020. ECF No. 34.

On January 19, 2021, UPHE filed a notice of oral argument in *Diesel Power*, advising that the same statutory standing question argued in TAP's motion to dismiss was at issue in the Tenth Circuit. *See* ECF No. 40. On January 20, 2021, this court vacated oral argument on TAP's motion to dismiss, ECF No. 41, and after the oral argument in *Diesel Power*, the Court on April 7, 2021 stayed this case pending the Tenth Circuit's decision. ECF No. 42.

On December 28, 2021, the Tenth Circuit issued its decision in *Diesel Power*. On January 4, 2022, UPHE provided this Court notice of the *Diesel Power* decision. ECF No. 48. Thereafter, on January 25, 2022, the Court lifted the stay in this case, ECF No. 49, and issued its 22-page Memorandum Decision and Order denying TAP's motion to dismiss, ECF No. 50 ("Order").

## ARGUMENT

### A. TAP's Motion for Reconsideration of the Court's Order Should Be Denied Because It Fails to Identify any Intervening Change in Controlling Law, Newly Discovered Evidence, or Clear Error

TAP's motion for reconsideration, that seeks a second bite of the apple on issues already raised and decided by the court in its Order, should be denied. TAP's motion fails to satisfy any of the grounds necessary to justify a motion for reconsideration, and TAP should not be allowed to delay further UPHE's prosecution of this case.

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration," but district courts can revisit their interlocutory rulings at their discretion. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023 (10th Cir. 2018), *as revised* (Apr. 13, 2018); *see* Fed. R. Civ. P. 54(b) (stating

that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Reconsideration is appropriate "only in 'extraordinary circumstances.'" *Jenkins v. Haaland*, No. 2:21-cv-385-RJS-DAO, 2021 WL 5565447, at *2 (D. Utah Nov. 29, 2021) (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1244-45 (10th Cir. 1991)). It "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).[1]

"Motions for reconsideration may only be granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice." *Jenkins*, 2021 WL 5565447, at *2 (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

For a change in controlling law to have been "intervening," it must have occurred *after* the decision for which reconsideration is sought. *See, e.g.*, *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (noting "[r]econsideration may be warranted . . . where a significant change in the law occurred after the decision was rendered"); *cf. Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 221 & n.6 (D. Ariz. 2012) (finding "no dispute" that the decisions on which movant relied were "intervening" because they were issued

---

[1] *Sequa* was discussing reconsideration principles under Rule 59, but courts hold that these basic principles apply in the Rule 54(b) context as well. *See, e.g.*, *Spring Creek*, 887 F.3d at 1025; *Jenkins*, 2021 WL 5565447, at *2.

4

"shortly after" the judgment on which reconsideration was sought). "Controlling" law means binding precedent, *Owlet Baby Care, Inc. v. Masimo Corp.*, No. 2:21-mc-00096-TS-JCB, 2021 WL 1753537, at *2 (D. Utah May 4, 2021), and a "change" in law occurs when a subsequent decision "substantively alter[s] existing law, such as by overruling it, or creating a significant shift in a court's analysis," *Teamsters*, 282 F.R.D. at 224. Cases that "merely confirm, clarify or explain existing case law" do not constitute changes in law. *Id.*; *see id.* at 221-24 (surveying caselaw in this area).

TAP correctly identifies the three grounds for granting reconsideration, but then fails to satisfy any of them. Unable to suggest the Court's decision denying its motion to dismiss should be revisited due to newly discovered evidence, or because the Court committed clear error, TAP attempts to characterize *TransUnion* and *Diesel Power* as intervening controlling case law. TAP's efforts do not succeed. These two decisions were not issued after the Court's Order and are not changes in Tenth Circuit controlling law.

First, because both cases were issued prior to the Court's Order and were applied by the Court in its Order, they cannot be "intervening." *See, e.g.*, *D & D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, No. CIV. A. 03-1026 MLC, 2009 WL 904054, at *2 (D.N.J. Mar. 31, 2009) (finding decision was not "intervening" where issued months before the court's order).

Second, neither decision changed controlling law—they *are* the controlling law this Court applied. *TransUnion* confirmed the historical and traditional law on standing regarding "concrete" harm and clarified the "important difference" between statutory causes of action and Article III standing. 141 S. Ct. at 2204-05. *Diesel Power* applied the

Article III and statutory standing distinctions articulated in *TransUnion* and found no error in Judge Shelby's holding that UPHE had statutory standing to enforce the same provisions of the CAA at issue here. *Diesel Power*, 21 F.4th at 1243, 1248-49, 1249-52.[2]

Even if *Diesel Power* and *TransUnion* represent intervening changes in controlling law, which they do not, the reasons TAP presents for why its interpretation of these decisions would cause this Court to vacate its ruling on TAP's motion to dismiss are not persuasive.

This Court cited *TransUnion* and correctly applied it in resolving TAP's facial challenges to UPHE's Article III standing. *See* Order 16 n.78. This Court also correctly applied *Diesel Power* in resolving TAP's challenges to UPHE's statutory standing. *See* Order 3, 6, 8, 10, 13, 15, 18, 19.

Although in *Diesel Power* the Tenth Circuit reviewed the statutory standing issue for plain error, the parties fully briefed the issue on the merits, *see* Appellants' Opening Br. 1, 31-38 & UPHE Br. 23-36, *Diesel Power*, No. 20-4043, and the Tenth Circuit identified no countervailing arguments that might have warranted a different result if the

---

[2] In its motion TAP appears to conflate *TransUnion*'s holding that Congress cannot legislate Article III injury with its separate holding that Congress can create a statutory right for a plaintiff to sue. *See* Mot. 6-7, 9-10. But *TransUnion* supports UPHE's statutory cause of action here, as the Tenth Circuit itself found. *See Diesel Power*, 21 F.4th at 1243 & n.10.

6

standard of review had been *de novo*, *see* 21 F.4th at 1249-52. In short, *Diesel Power* was a well-reasoned, persuasive decision that the Court was right to follow.³ *See* Order 6.

Similarly, even if TAP were to suggest its oft-repeated arguments set forth below demonstrate the Court committed clear error or caused manifest injustice, which TAP does not, none of these arguments come close to showing clear error or manifest injustice and thus also fail to support reconsideration.⁴

TAP's arguments, if not summarily rejected as untethered to any of the three reasons for reconsideration, have already been addressed and rejected by this Court. These include:

- The tampering prohibitions in CAA § 7522 are not "emission standards or limitations" or "requirements" that can be enforced by citizens. *See* Mot. 11; *contra* Order 7-10.

- The proof required in this case is highly technical, requiring complex fact-finding, and is not conducive to citizen suit litigation. *See* Mot. 12; *contra* Order 11 n.53.

---

³ TAP argues, paradoxically, that *Diesel Power* "altered the controlling law" but "did not . . . definitively resolve" the statutory standing question TAP again presses. *See* Mot. 7-8. TAP cannot have it both ways—either *Diesel Power* controls or it doesn't.

⁴ TAP asks the Court to dismiss a portion of UPHE's First Cause of Action, alleging TAP violated the Act by "offering to sell" defeat parts. Mot. 9; *see* Compl. ¶¶ 87-97. UPHE does not intend to pursue its "offer to sell" assertion, and informed TAP of its intention prior to TAP's filing of its motion.

- *South Coast* addressed a different section of the Clean Air Act, which is distinguishable from and does not deal with § 7522 prohibitions. *See* Mot. 12-14; *contra* Order 7-8, 10.

- *Fleshman* requires dismissal. *See* Mot. 8, 17; *contra* Order 8, 10.

TAP argues for the first time that the "continuous emissions reduction" language in 42 U.S.C. § 7602(k) applies only in the stationary source context. *See* Mot. 10-11. But TAP cannot raise arguments it could have raised before. "It is not appropriate [on reconsideration] to . . . advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).[5]

Even if the Court is inclined to consider TAP's argument that the "continuous emissions reduction" language in § 7602(k) only applies to stationary sources, it fails. If Congress wanted to limit "continuous emissions reductions" to stationary sources, it could have. The Act separately defines stationary sources. *See* 42 U.S.C. § 7602(z). By not identifying the language in § 7602(k) as applying only to stationary sources, the term necessarily applies to all sources subject to the CAA. Again, the Court has committed no clear error and there is no manifest injustice warranting reconsideration.

---

[5] Moreover, alternative legal theories raised after a court has already addressed an issue on the merits do not constitute clear error. *See Foster v. Sedgwick Claims Mgmt. Servs., Inc.*, 842 F.3d 721, 735 (D.C. Cir. 2016) ("When a party first argues an unavailing theory of liability, and then attempts to argue an alternative or contrary position in a motion for reconsideration, this constitutes neither new evidence nor a clear error of law sufficient to support a motion for reconsideration.").

### B. TAP's Motion for Certification Should be Denied Because the Motion Fails to Show Substantial Grounds for Difference of Opinion or that An Interlocutory Appeal Will Materially Advance the Litigation

TAP's motion to certify this court's January 25, 2022 Order for interlocutory appeal fails to satisfy the necessary elements in 28 U.S.C. § 1292(b) and therefore should be denied.

An interlocutory appeal is not permitted unless the district court certifies that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion" *and* finds "immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

TAP fails to satisfy the first element of the two-part test for certification because it fails to provide any evidence of a difference of opinion in controlling law within the 10th Circuit on the issues that court just decided in *Diesel Power*. TAP's reliance on *Fleshman* is to no avail because, apart from its questionable reasoning, a disagreement between circuits on an issue resolved in the controlling circuit does not create a difference of opinion that would support an interlocutory appeal under § 1292(b). *See In re City of Memphis*, 293 F.3d 345, 350-51 (6th Cir. 2002) (refusing to allow an interlocutory appeal

under § 1292(b) because the issue was resolved in the 6th Circuit, even though other circuits disagreed).[6]

TAP's "strong disagreement" with the Court's ruling is also insufficient to create a substantial ground for difference. *Couch*, 611 F.3d at 633. Even if the ruling is one of first impression, courts will not assume a substantial ground for difference of opinion exists. *See Couch*, 611 F.3d at 634 ("It is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). But TAP's question has already been considered in depth by the Tenth Circuit in *Diesel Power*, and TAP's statutory standing arguments have been heard in full and rejected on the merits in this Court, which followed *Diesel Power* closely. The relevant courts appear to agree. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (even where a question of law was controlling, where the circuit court is in "complete and unequivocal agreement with the district court," the question is not proper for § 1292(b) review (quotation omitted)).

Turning to the second element of the test for interlocutory certification, TAP also fails to show that an immediate appeal may materially advance the termination of this litigation. In fact, an interlocutory appeal would do the opposite. The Tenth Circuit has

---

[6] TAP also cites *NRDC v. Train*, 510 F.2d 692, 723 (D.C. Cir. 1974), but that case does not even approach the question of whether citizens can enforce § 7522 prohibitions.

already considered and persuasively resolved the precise question TAP proposes to appeal. An interlocutory appeal would only have one reliable result: delay.[7]

UPHE filed this case, alleging substantial public harm, over two years ago and UPHE's attempts to commence even limited discovery were stayed. The time has come to proceed to the merits of UPHE's allegations and to remedy any violations of the CAA and Utah SIP that may be found by the Court.

## CONCLUSION

TAP's motion attempts to rehash arguments it lost and gain interlocutory review of a question on which the Tenth Circuit has persuasively spoken. Because TAP has not met its burden for reconsideration or certification, the Court should deny the motion.

Respectfully submitted this 17th day February, 2022.

| | |
|---|---|
| s/ Reed Zars | s/ Michelle Amelia Newman |
| Reed Zars, Utah Bar No. 16351 | Michelle Amelia Newman |
| Attorney at Law | Utah Bar No. 18065 |
| 910 Kearney Street | 105 Parkview Terrace |
| Laramie, WY 82070 | Park City, UT 84098 |
| (307) 760-6268 | (610) 761-7643 |
| reed@zarslaw.com | micanewman@gmail.com |

*Attorneys for Plaintiffs*

---

[7] If TAP was interested in materially advancing this litigation, why did it not seek intervenor or amicus status in the *Diesel Power* appeal so that it could have presented its arguments to the Tenth Circuit two years ago? *Cf. Amalgamated Transit Union Int'l, AFL-CIO v. Donovan*, 771 F.2d 1551, 1554 (D.C. Cir. 1985) (denying late appellate intervention because the requesting party "could have moved to intervene when [plaintiff] appealed" or alternatively sought intervenor status in alignment with other amicus curiae). Judge Shelby's decision in *Diesel Power* was squarely contrary to TAP's position in its motion to dismiss, and the appeal of that decision to the Tenth Circuit could not have escaped the notice of TAP or its counsel.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Motion for Reconsideration or Certification was filed this 17th day of February, 2022, via the Court's electronic system, which served all counsel of record.

<u>s/ Michelle Amelia Newman</u>

## CERTIFICATE OF WORD COUNT

I, Michelle Amelia Newman, certify that this Response to Motion for Reconsideration or Certification contains 2,775 words and complies with DUCivR 7-1(a)(4) & (a)(5).

<u>s/ Michelle Amelia Newman</u>