THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAP WORLDWIDE, LLC (d/b/a 4 WHEEL DRIVE HARDWARE, TRANSAMERICAN AUTO PARTS, UNITED WEB SALES, 4 WHEEL PARTS, 4 WHEEL PARTS PERFORMANCE CENTER, and TRANSAMERICAN WHOLESALE), <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [54] DEFENDANT'S MOTION FOR RECONSIDERATION OR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)** <br><br> Case No. 2:19-cv-00628-DBB <br><br> District Judge David Barlow |

Utah Physicians for a Healthy Environment ("UPHE") brings this action against TAP Worldwide, LLC ("TAP") for violations of the Clean Air Act and Utah's corresponding State Implementation Plan.[1] On January 25, 2022, this court entered a memorandum decision and order denying TAP's motion to dismiss.[2] Now, TAP moves for the court to reconsider its January 25 Order or, in the alternative, certify the order for appeal pursuant to 28 U.S.C. § 1292(b).[3] For the reasons stated below, TAP's motion is DENIED.

---

[1] *See* Complaint, ECF No. 2 at ¶¶ 87–128, filed September 5, 2019.
[2] *See* Memorandum Decision and Order Denying Defendant's Motion to Dismiss ("January 25 Order"), ECF No. 50, filed Jan. 25, 2022.
[3] *See* Motion for Reconsideration or Certification of Order Pursuant to 28 U.S.C. § 1292(b) ("Motion to Reconsider") at 1, ECF No. 54, filed Feb. 4, 2022.

## STANDARD

The Federal Rules of Civil Procedure "do not recognize a motion to reconsider."[4] However, under Rule 54(b), any decision adjudicating fewer than all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[5] "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."[6]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[7] However, such motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[8]

28 U.S.C. § 1292(b) allows the district court to certify an interlocutory decision not otherwise appealable if: (1) the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[9]

---

[4] *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010).
[5] Fed. R. Civ. P. 54(b).
[6] *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).
[7] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).
[8] *Id.*
[9] 28 U.S.C. § 1292(b).

## DISCUSSION

### I. The court will not reconsider the January 25 Order based on *TransUnion* and *Diesel Power*.

First, TAP argues that the court should reconsider its January 25 Order based on two opinions which were entered after the motion to dismiss briefing concluded: *TransUnion LLC v. Ramirez*[10] and *Utah Physicians for a Healthy Environment v. Diesel Power Gear, LLC* (*Diesel Power*).[11]

At the outset, the court notes that neither *TransUnion* nor *Diesel Power* are truly "an intervening change in controlling law." Both opinions were issued prior to the court's ruling, and both opinions were cited in the ruling.[12] It is correct that the parties completed their briefing prior to those opinions being issued, but on the facts and procedural posture of this case, that is not enough to warrant reconsideration here.

Regarding *TransUnion*, TAP spends much of its argument discussing statutory standing. TAP states that "Congress alone has the authority to grant a private litigant the ability to bring a private action," expresses concerns about expanding "the scope of an individual's standing to sue under a federal statute" and opines that the court has created "a statutory cause of action where none exists."[13] This is simply a reargument of TAP's motion to dismiss position that the CAA's citizen-suit provision (which, of course, Congress enacted, not the court) cannot be read to permit such a suit under CAA § 7522. But *TransUnion* is not about whether a statutory cause of

---

[10] 141 S. Ct. 2190 (2021).
[11] 21 F.4th 1229 (10th Cir. 2021).
[12] *See* January 25 Order at 6–8, 16.
[13] Motion to Reconsider at 7.

action exists under the CAA, so it does not provide a basis for reconsidering whether UPHE has statutory standing here.

TAP switches gears in its Reply, putting aside the statutory standing argument and focusing squarely instead on seeking a dismissal of "all claims arising from an offer to sell allegedly violative parts, where no such parts were actually sold, because such potential violations of the law could not have caused Plaintiff an actual injury."[14] Although this argument is based on the Article III standing issues in *TransUnion*, the court's order does not foreclose TAP's position, so the order need not be reconsidered. The motion to dismiss order only holds that the Complaint adequately alleges that UPHE's members are harmed by the increased pollution allegedly caused by TAP's actions; nowhere does the order state that UPHE will be able to pursue claims for offers to sell parts that were not actually sold.[15]

The Complaint itself references both actual sales and offers to sell in various paragraphs, but only the first of the four causes of action does so and then only in connection with "selling aftermarket defeat parts in Utah."[16] In short, TAP's argument regarding offers to sell only, not actual sales, would not result in the dismissal of any cause of action. Additionally, UPHE has stated that it "does not intend to pursue" claims based on marketing only.[17] UPHE is granted leave to file an amended complaint clarifying its intention within 14 days. If UPHE does not file an amended complaint, TAP may seek leave to move to dismiss the portion of the Complaint's

---

[14] Defendant's Reply in Support of Its Motion for Reconsideration or Certification of Order Pursuant to 28 U.S.C. § 1292(b) ("Reply") at 2, 5, ECF No. 58, filed Mar. 3, 2022.
[15] January 25 Order at 14–17.
[16] Complaint at 35–43.
[17] Opposition at 7 n.4.

first cause of action that addresses offers to sell only. Alternatively, TAP may raise the issue at the summary judgment stage.

Next, TAP argues that the Tenth Circuit's decision in *Diesel Power* was an intervening change in controlling law that warrants reconsideration.[18] But TAP notes that *Diesel Power* did not definitively resolve the statutory standing question.[19] Of course, this is the same thing as saying that *Diesel Power* is not controlling. Based on TAP's reasoning, *Diesel Power* simply cannot be a basis for reconsideration because it is not controlling law.

Additionally, TAP cites just one other case in its motion, *In re Volkswagen "Clean Diesel" Marketing Sales Practices & Products Liability Action* ("*Fleshman*").[20] But *Fleshman* is a Ninth Circuit decision, so it never has been the "controlling law" in the Tenth Circuit. Noting the disagreement between *Diesel Power* (which TAP says is not controlling) and *Fleshman* (which by definition cannot be controlling in the Tenth Circuit) obviously cannot meet the reconsideration standard.

TAP also does not explain how the decision in *Diesel Power* mandates a different result in this case. Instead, it only notes that "the decision did not . . . definitively resolve the question of whether a private plaintiff has statutory standing to bring a citizen suit for alleged violations of § 7522."[21] In analyzing statutory standing in its January 25th Order, this court considered the Tenth Circuit's opinion in *Diesel Power* and noted that "[a]lthough the Tenth Circuit was analyzing the district court's decision for plain error and did not definitively decide the question,

---

[18] Motion to Reconsider at 7–8.
[19] Motion to Reconsider at 8.
[20] 894 F.3d 1030 (9th Cir. 2018).
[21] Motion to Reconsider at 8.

the Tenth Circuit's opinion is persuasive and this court defers to it."[22] The mere fact that the Tenth Circuit issued a relevant decision during the pendency of TAP's motion to dismiss is not a basis for reconsideration where TAP has not identified why the decision in *Diesel Power* should result in a different outcome here.[23]

Finally, TAP advances several arguments that were included in its motion to dismiss or are based on opinions which predate when it filed its motion to dismiss. These include arguments that "[t]he 'continuous emission reduction' in [the CAA] applies to stationary sources of emissions only and does not logically apply in the mobile source context,"[24] that highly technical fact-finding would be required in this case and precludes a citizen suit,[25] and that *Engine Manufacturers Association v. South Coast Air Quality Management District*[26] distinguishes between "emission standards" and § 7522 prohibited acts.[27] Given that motions to reconsider "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments"[28] or merely reprises earlier arguments, these arguments are not sufficient bases for granting reconsideration.

---

[22] January 25 Order at 6.
[23] TAP also notes that *Diesel Power* forecloses civil penalties for defeat parts that were offered but not sold. For the reasons stated previously, the court's motion to dismiss opinion is not inconsistent with this position. As noted above, the court has granted UPHE leave to amend its complaint withdrawing any claim based on marketing alone. If UPHE fails to amend its complaint, TAP may seek leave to move to dismiss claims for unsold parts or address the issue at the summary judgment stage.
[24] Motion to Reconsider at 10.
[25] *Id.* at 12.
[26] 541 U.S. 246 (2004).
[27] Motion to Reconsider at 13.
[28] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## II. The court will not certify the issue of statutory standing for appeal under 28 U.S.C. § 1292(b).

Next, TAP asks this court to certify the January 25 Order for interlocutory appeal under 28 U.S.C. § 1292(b) as to the issue of statutory standing.[29] Certification is permissible if: (1) the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[30]

TAP argues that there is substantial ground for a difference of opinion regarding the question of statutory standing because the Tenth Circuit's decision in *Diesel Power* is at odds with the Ninth Circuit's analysis in *Fleshman*.[31] But *Diesel Power* is the only Tenth Circuit decision that squarely addresses the issue of statutory standing and, although that decision did not definitively resolve the issue, the Tenth Circuit criticized and declined to follow the very non-binding case TAP urges this court to follow.[32] Thus, there is no substantial ground for a difference of opinion in the Tenth Circuit regarding the question of statutory standing.

Furthermore, TAP has not shown that certifying the question for interlocutory appeal would materially advance the litigation. The Tenth Circuit just considered this question, albeit based on plain-error review, three months ago in December 2021.[33] This case has been pending since 2019 and was previously stayed pending the Tenth Circuit's decision in *Diesel Power*.[34]

---

[29] Motion to Reconsider at 15.
[30] 28 U.S.C. § 1292(b).
[31] 894 F.3d 1030 (9th Cir. 2018).
[32] *See Utah Physicians for a Healthy Env't v. Diesel Power Gear, LLC*, 21 F.4th 1229, 1249–52 (10th Cir. 2021).
[33] *Id.*
[34] *See* Docket Text Order, ECF No. 42, filed Apr. 7, 2021.

The court has reviewed and followed that decision. Certifying the question for appeal would only result in further delay here.

Finally, TAP makes it clear that it simply does not agree with the Tenth Circuit's decision in *Diesel Power* and this court's reliance on same. TAP states that the Tenth Circuit "failed to address a crucial distinction," "conflate[d]" standards with prohibitions," "opened the door to eroding the separation of powers . . . by permitting a private plaintiff to usurp EPA's enforcement powers," and that "the Court of Appeals in *DPG* and Plaintiff have misapplied the 'continuous emission reduction' term."[35] TAP's disagreement with the Tenth Circuit's decision in *Diesel Power* is simply not a basis for certifying an interlocutory appeal.

Accordingly, TAP's motion to certify the question of statutory standing for interlocutory appeal is denied.

## ORDER

For the foregoing reasons, TAP's motion for reconsideration or certification pursuant to 28 U.S.C. § 1292(b) is DENIED.

Signed March 14, 2022.

BY THE COURT

David Barlow
United States District Judge

---

[35] Motion to Reconsider at 13–14; Reply at 6–7.