IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAP WORLDWIDE, LLC (d/b/a 4 WHEEL DRIVE HARDWARE, TRANSAMERICAN AUTO PARTS, UNITED WEB SALES, 4 WHEEL PARTS, 4 WHEEL PARTS PERFORMANCE CENTER, and TRANSAMERICAN WHOLESALE), <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REPLEAD OR DEEM ADMITTED <br><br> Case No. 2:19-cv-0628 DBB DBP <br><br> District Judge David Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

Utah Physicians for a Healthy Environment (UPHE) moves the court for an order to compel Defendants (collectively TAP) to replead its answer or alternatively, deem admitted certain allegations in UPHE's Complaint.[1] As set forth below, the court DENIES the motion.

## BACKGROUND

UPHE alleges TAP violated the Clean Air Act, 42 U.S.C. § 7522(a)(3)(B), by selling and or installing in Utah certain exhaust system kits, race catalytic converters, and electronic reprogrammers as "defeat parts." Plaintiff filed an Amended Complaint March 15, 2022, and Defendants filed an Answer to the Amended Complaint on March 28, 2022. Plaintiff's motion was filed prior to the Amended Answer. The Amended Answer however does not change the language of the admissions, denials and disclaimers that Plaintiff's assert are improper. Thus

---

[1] This case is referred to the undersigned in accordance with 28 U.S.C. (b)(1)(A) to hear and determine all nondispositive pretrial matters. (ECF No. 9, 18.)

there is no reason to distinguish between the responses in the original Answer and Amended Answer for purposes of this motion.

## STANDARD

Rule 8 of the Federal Rules of Civil Procedure sets forth the pleading and response standards. A pleading is to contain a short and plain statement concerning jurisdiction, a claim or claims showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8. In response, Rule 8(b) provides that a party is to "state in short and plain terms its defenses to each claim asserted against it: and admit or deny the allegations." *Id.* 8(b). In addition to a denial or admission, a party may also respond that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial. Fed. R. Civ. P. 8(b)(5). "Rule 8(b) therefore permits only three possible responses to a complaint: (1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which is deemed a denial." *Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011). One way a defendant may comply with these requirements is through a general denial. Rule 8(b)(3) provides:

> General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Fed. R. Civ. P. 8(b)(3).

Federal Rule of Civil Procedure 11(b) requires claims and defenses asserted by attorneys to be based on "the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). This standard is "an objective one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Comm.*

2

*Enterprises, Inc.*, 498 U.S. 533, 534, 111 S. Ct. 922, 924 (1991); *see also Lundahl v. Home Depot, Inc.*, 594 F. App'x 453, 455 (10th Cir. 2014) (adopting the same Rule 11 standard of objective reasonableness under the circumstances.).

## DISCUSSION

UPHE takes specific issue with responses to parts of three paragraphs in its Complaint, paragraphs 73, 75, and 77. Attached to Plaintiff's motion is a chart outlining the paragraphs and TAP's responses. For ease of reference the court reproduces the chart here.

| Complaint Paragraph | UPHE Allegation | TAP Answer |
|---|---|---|
| Compl. ¶ 73. With respect to each exhaust system kit listed separately by part number in Tables A and B, acquired from the 4 Wheel Parts website, plaintiff alleges the following:[1] | a. The exhaust system kit has no CARB EO. | a. Defendant denies that all products it sells are without a CARB EO and further denies that any product offered for sale or sold in the state of Utah requires a CARB EO. Defendant denies the rest of Paragraph 73.a. |
| | i. TAP Worldwide has sold the exhaust system kit to consumers in Utah. | i. Defendant affirmatively states that it has sold to consumers certain exhaust systems in Tables A and B for sale in the state of Utah. |
| | k. TAP Worldwide has installed the exhaust system kit in one or more vehicles in Utah. | k. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73.k and, therefore, denies the same. |
| | m. TAP Worldwide has no evidence from the exhaust system kit manufacturer or an environmental control agency that the installation and use of the exhaust system kit would not adversely affect the emissions performance of each motor vehicle into which it is designed to be installed. | m. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73.m and, therefore, denies the same. |

| Complaint Paragraph | UPHE Allegation | TAP Answer |
| --- | --- | --- |
| Compl. ¶ 75. With respect to each "race" catalytic converter listed separately by part number in Table C, acquired from the 4 Wheel Parts website, plaintiff alleges the following: | a. The catalytic converter has no CARB EO or Proof of Notification to EPA Demonstrating Compliance with EPA's 1986 Aftermarket Catalytic Converter (AMCC) Policy. | a. Defendant denies that all products it sells are without a CARB EO and further denies that any product offered for sale or sold in the state of Utah requires a CARB EO. Defendant denies the rest of Paragraph 75.a. |
| | c. TAP Worldwide has no evidence from the catalytic converter manufacturer or an environmental control agency that the installation and use of the catalytic converter would not adversely affect the emissions performance of each motor vehicle into which it is designed to be installed. | c. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations and legal conclusions in Paragraph 75.c and, therefore, denies the same. |
| | g. TAP Worldwide has sold the catalytic converter to consumers in Utah. | g. Defendant affirmatively states that it has sold certain catalytic converters to consumers in Utah. Defendant denies the other allegations of Paragraph 75.g. |
| | i. TAP Worldwide has installed the catalytic converter in one or more vehicles in Utah. | i. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75.i and, therefore, denies the same. |

4

| Complaint Paragraph | UPHE Allegation | TAP Answer |
|---|---|---|
| Compl. ¶ 77. With respect to each reprogrammer listed separately by part number in Tables D-J, acquired from the 4 Wheel Parts website, plaintiff alleges the following: | a. The reprogrammer has no CARB EO. | a. Defendant denies that all products it sells are without a CARB EO and further denies that any product offered for sale or sold in the state of Utah require a CARB EO. Defendant denies the rest of Paragraph 77.a. |
| | e. TAP Worldwide has no evidence from the reprogrammer's manufacturer or an environmental control agency that the installation and use of the reprogrammer will not adversely affect the emissions performance of each motor vehicle into which it is designed to be installed. | e. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 77.e and, therefore, denies the same. |
| | h. TAP Worldwide has sold the reprogrammer to consumers in Utah. | h. Defendant affirmatively states that it has sold certain reprogrammers to consumers in Utah. |
| | j. TAP Worldwide has installed the reprogrammer in one or more vehicles in Utah. | j. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 77.j and, therefore, denies the same. |

(ECF No. 57-1.)

Before turning to UPHE's specific arguments, the court notes that Plaintiff provided TAP with a "template to guide Defendant's answer to this paragraph, and the similar paragraphs relating to catalytic converters and reprogrammers." Compl. Attach. 2. While perhaps helpful to what UPHE wanted from Defendant's Answer, the court finds there is no obligation under any Federal Rule to use the template. In fact, much of Plaintiff's consternation with the Answers

appears related to TAP not using UPHE's form. Failing to use the form provides no basis to grant Plaintiff's motion.

First, UPHE argues that Defendants response to its allegations that it sold each identified defeat part in Utah, and that each part did not have a CARB EO, is non-responsive and evasive. Next, Plaintiff takes issue with Defendant's response that it has insufficient knowledge related to allegations that it installed certain defeat parts in Utah. Defendants respond that it sold "certain exhaust systems" in the tables set forth by UPHE in the Complaint. Defendants also contested whether Utah requires a CARB EO, and that TAP lacked knowledge to determine what parts were installed in Utah.

The parties' dispute centers on the standards required under Rule 8 and 11. TAP asserts its answer complies with the Federal Rules and Plaintiff is misconstruing the requisite standards, in essence raising them, which is further complicated by the sub-paragraphs in the Complaint. The court agrees that Plaintiff is attempting to raise the standard here and finds TAP's answers function as an (1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information.[2] For example, while Plaintiff may disagree, Defendant's answer that it is without knowledge and information regarding the installed exhaust systems is acceptable under the circumstances in responding to the Complaint. Further details, such as the specific exhaust system kits that may have been installed, is part of the discovery process and not required as a Rule 11's inquiry requirement. The Rule 11 standard is "an objective one of reasonableness under the circumstances." *Bus. Guides,* 498 U.S. at 534.

---

[2] While instructive, Plaintiff's citations to case law outside the Tenth Circuit are not binding and do not lead the court to alter the standards of Rule 8 and Rule 11. See *Bruce v. Anthem Ins. Companies, Inc.*, No. 3:15-CV-0353-D, 2015 WL 1860002 (N.D. Tex. Apr. 23, 2015) (unpublished); *Bank of Am., N.A. v. Malibu Canyon Invs., LLC*, No. 2:10-cv-00396-KJD, 2012 WL 115577, at *3 (D. Nev. Jan. 13, 2012) (unpublished); *Azza Int'l Corp. v. Gas Rsch. Inst.*, 204 F.R.D. 109, 110 (N.D. Ill. 2001).

TAP's Answer is reasonable under the circumstances of Plaintiff's Complaint with multiple sub-paragraphs and parts.

In similar fashion, UPHE asserts TAP's answer saying it has insufficient knowledge and information to respond to Plaintiff's allegations that Defendant "has no evidence from the part manufacturer or an environmental regulatory agency that the use of each identified part will not adversely affect admissions" does not comply with Rule 8 and Rule 11 standards. Mtn. p. 7, ECF No. 57. Once again, the court finds TAP's answer reasonable under the circumstances because determining the affect a part has on admissions is a complicated inquiry that likely requires the use of experts and technology. Such an inquiry is not required under Rule 8 and Rule 11 and is better left to discovery.

## ORDER

Although it is clear Plaintiff is not happy with TAP's Answers, and would have preferred TAP to use Plaintiff's form in responding to its Complaint, the court finds TAP's Answers reasonable under the circumstances given the complex nature of Plaintiff's allegations. Plaintiff's motion therefore is DENIED.

IT IS SO ORDERED.

DATED this 20 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge