IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH PHYSICIANS FOR A HEALTHY ENVIRONMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAP WORLDWIDE, LLC (d/b/a 4 WHEEL DRIVE HARDWARE, TRANSAMERICAN AUTO PARTS, UNITED WEB SALES, 4 WHEEL PARTS, 4 WHEEL PARTS PERFORMANCE CENTER, and TRANSAMERICAN WHOLESALE), <br><br> Defendant. | **CONSENT DECREE** <br><br> Case No. 2:19-cv-00628 <br><br> District Judge David Barlow <br> Magistrate Judge Dustin B. Pead |

## I. RECITALS

1. On September 5, 2019, Utah Physicians for a Healthy Environment ("UPHE") filed their original complaint in this federal Clean Air Act ("CAA") citizen suit against TAP Worldwide, LLC ("TAP"), to address the TAP's repeated and ongoing violations of the CAA and the Utah State Implementation Plan ("Utah SIP") by selling and installing parts that defeat motor vehicle emission control devices, and by removing emission control devices from motor vehicles.

2. UPHE's original complaint sought declaratory and injunctive relief and the assessment of civil penalties and funds towards a beneficial mitigation project. Complaint ¶¶ 43-45.

3. On January 7, 2020, TAP moved to dismiss UPHE's complaint. TAP's motion argued UPHE's complaint should be dismissed because, *inter alia*, citizens had no "statutory

standing" to enforce the CAA's mobile source anti-tampering provisions. Briefing on the motion concluded in February 2020.

4. On December 1, 2020, the court set oral argument for January 21, 2021, on TAP's motion to dismiss.

5. On January 20, 2021, the court vacated the oral argument on TAP's motion to dismiss finding similar questions of law were before the Tenth Circuit Court of Appeals in *UPHE v. Diesel Power Gear*, No. 20-2043. On April 7, 2021, the Court stayed this case pending the Tenth Circuit's decision.

6. On December 28, 2021, the Tenth Circuit issued its decision in *Diesel Power Gear*. 21 F.4th 1229 (10th Cir. 2021).

7. On January 25, 2022, the Court, relying on the decision in *Diesel Power Gear*, lifted the stay in this case and issued its Memorandum Decision and Order denying TAP's motion to dismiss. 582 F. Supp. 3d 881 (D. Utah 2022).

8. On March 15, 2022, the Court denied TAP's motion for reconsideration, or in the alternative certification, pursuant to 28 U.S.C. 1229(b). 2022 WL 787972 (D. Utah Mar. 15, 2022).

9. On March 15, 2022, UPHE filed its amended complaint that removed the "offer to sell" claim consistent with the *Diesel Power Gear* decision (hereinafter "Complaint").

10. On March 22, 2022, the Court issued a scheduling order to guide the parties' discovery and motion practice.

11. The parties, through their authorized attorneys, have chosen to resolve in full UPHE's Complaint through settlement and avoid the cost and uncertainties of further litigation.

12. The Parties agree that this Consent Decree ("Decree") has been negotiated in

-3-

good faith and will avoid further litigation among the Parties regarding the violations alleged in UPHE's Complaint, and that this Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## II. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction in this matter pursuant to 42 U.S.C. § 7604(a)(1)(A) (citizen suit provision of the Clean Air Act) and 28 U.S.C. § 1331 (federal question statute). The relief required is authorized pursuant to 28 U.S.C. §§ 2201 and 2202 (declaratory judgment) and 42 U.S.C. § 7604 (CAA citizen suit injunctive relief and civil penalties), § 7413 (CAA civil penalties), and § 7524 (CAA mobile source civil penalties).

14. Venue in the District of Utah is proper pursuant to 28 U.S.C. § 1391(b) and (c).

15. Venue in this Court is proper pursuant to CAA §§ 7523 and 7524, and 28 U.S.C. §§ 1391(b) and 1395(a). For purposes of this Decree, or any action to enforce this Decree, TAP consents to the Court's jurisdiction over this Decree or such action, and consents to venue in this judicial district. For purposes of this Decree, TAP agrees that UPHE has Article III and CAA statutory standing to bring this action and to enforce this Decree, and that the Complaint states claims upon which relief may be granted pursuant to CAA §§ 7522, 7523, 7524, and 7604.

## III. APPLICABILITY

16. The provisions of this Decree apply to and are binding on UPHE, on TAP, and any of their respective successors and/or assigns, officers, agents, servants, and employees, and any other entities who are in active concert or participation with UPHE or TAP.

17. No transfer, sale, or dissolution of any or all shares of ownership in TAP shall relieve TAP of its obligation to comply with the terms of this Decree. Before TAP transfers to any entity any property or financial holding that is necessary to effectuate this Decree, TAP must seek and obtain an Order from this Court that names the transferee as a party to this Decree. No requirement in this Decree may be avoided by bankruptcy through reorganization or restructuring.

18. TAP shall provide a copy of this Decree to all officers, employees, agents, performance guarantors, consultants and contractors whose duties include compliance with and/or the implementation of any provision of this Decree.

19. In any action to enforce this Decree, TAP shall not raise as a defense the failure of its officers, directors, agents, servants, contractors, or employees or their successors to take actions necessary to comply with its provisions.

## IV. DEFINITIONS

20. Whenever the terms set forth below are used in this Decree, the following definitions shall apply:

   a) "Applicable Regulations" means (i) title II of the Clean Air Act and implementing regulations issued thereunder, including 40 CFR Parts 85, 86, and 1068 and (ii) the California Vehicle Code, the California Health & Safety Code, and implementing regulations issued thereunder, including the California Code of

Regulations, title 13, division 3 ("Air Resources Board'); and (iii) any state law that adopts California emission-related regulations for mobile sources as allowed under the Clean Air Act.

b) "CARB EO" means a California Air Resources Board Executive Order that exempts an aftermarket product for designated Motor Vehicles from the prohibitions of Section 27156 of the California Vehicle Code.

c) "Element of Design" means any control system (i.e., computer software, electronic control system, emission control system, computer logic), and/or control system calibrations, and/or the results of systems interaction, and/or hardware items on a motor vehicle or motor vehicle engine.

d) "Emission Control Device" means any legally required part, device or Element of Design installed on or in a Motor Vehicle for the purpose of controlling emissions including but not limited to:

| On-Board Diagnostics (OBDs) | Exhaust gas temperature sensors |
|---|---|
| Emission-related Diagnostic Trouble Codes (DTCs) | Diesel Particulate Filter (DPF) |
| Oxygen sensors | DPF differential pressure sensors |
| Oxides of Nitrogen ("NOx") sensors | Exhaust Gas Recirculation (EGR); |
| NOx Adsorber Control (NAC) | Diesel Oxidation Catalyst (DOC); |
| Particulate Matter ("PM") sensors | Catalytic Converter |
| Urea quality sensors | Selective Catalytic Reduction (SCR); |
| Ammonia sensors | |
| Electronic engine calibrations that bypass, defeat or render inoperative any Emission Control Device. | |

e) "EPA" means the U.S. Environmental Protection Agency.

f) "Motor Vehicle" means any motor vehicle manufactured in compliance with regulations under Title II of the Clean Air Act.

g) "OEM" means the original equipment manufacturer responsible for the design and production of a Motor Vehicle.

h) "Prohibited Part" means any physical or electronic part, device or software intended for use in a Motor Vehicle, except as expressly allowed by Applicable Regulations or a CARB EO demonstrably applicable to the part:

(i) where a principal effect of the part is to bypass, defeat, or render inoperative any Emission Control Device installed on or in a Motor Vehicle; or

(ii) that enables an Emission Control Device to be removed, disabled, or bypassed by any person; or

(iii) that interferes with the function of, or allows or sustains the removal of, one or more Emission Control Devices; or

(iv) that is a catalytic converter illegal to sell or install.

## V. PROHIBITORY INJUNCTION

21. TAP is prohibited permanently from selling any Prohibited Part in the United States.

22. TAP is prohibited permanently from installing any Prohibited Part in the United States.

23. TAP is prohibited permanently from removing or rendering inoperative any Emission Control Device from any Motor Vehicle in the United States certified to be sold and operated with that Emission Control Device, except as allowed under Applicable Regulations.

## VI. SUPPLEMENTAL ENVIRONMENTAL PROJECTS

24. Within 30 days of entry of this decree, TAP shall pay to Davis County $100,000 for deposit into the Tampered Diesel Truck Restoration Program dedicated solely to restore tampered diesel trucks to OEM specifications.

25. Within 30 days of entry of this decree, TAP shall pay to the ***Weber-Morgan Health Department*** $100,000 solely to support its efforts in reducing the number of confirmed tampered vehicles primarily operating in Weber County but not registered in Weber County or any other non-attainment county.

## VII.  CIVIL PENALTY

26. Within 30 days of entry of this decree, TAP shall pay $100,000 to the Federal Treasury as a civil penalty.

27. TAP shall not deduct any civil penalty required by this Decree in calculating their federal income tax.

## VIII.  REPORTING REQUIREMENTS

28. Within 30 days of any violation of this Decree, TAP shall provide a written report to UPHE describing such violation(s).

29. Within 45 days after entry of this Decree, TAP shall provide a written report to UPHE regarding its payment of the civil penalty to the U.S. Treasury required by paragraph 26.

30. Within 45 days after entry of this Decree, TAP shall provide a written report to UPHE regarding its payment of funds to Davis County required by paragraph 24.

31. Within 45 days after entry of this Decree, TAP shall provide a written report to UPHE regarding its payment of funds to Weber County required by paragraph 25.

## IX.  STIPULATED PENALTIES

32. TAP shall pay stipulated penalties to the U.S. Treasury, without demand by UPHE, as follows:

   a) For violations of paragraphs 21-23 [prohibitory injunctive relief], paragraphs 24-25 [supplemental environmental projects] paragraph 26 [civil penalty], paragraphs 28-31 [reporting requirements] and paragraphs 32-34 [payment of stipulated penalties], $5,000 per violation per day;

   b) For failing to meet any other requirement of this Decree, $5,000 per violation per day.

33. Stipulated penalties shall be paid, without demand from UPHE, no later than thirty (30) days after any violation.

34. If TAP fails to pay any stipulated penalty, TAP shall be liable for interest on such penalty at the federal rate accruing as of the date payment became due.

35. Stipulated penalties are not UPHE's exclusive remedy for violations of this Decree. UPHE reserve its right to pursue any other remedies to which it is entitled, which may include, but is not limited to, additional injunctive relief or statutory penalties for TAP's violations of the Decree or the CAA. Any amounts paid by TAP as stipulated penalties may be asserted by TAP in response to any action brought by UPHE requesting the imposition of additional civil penalties.

## X. FEES AND COSTS

36. TAP agrees that UPHE is eligible and entitled to the payment by TAP of UPHE's reasonable costs of litigation pursuant to 42 U.S.C. § 7604(d), but TAP reserves its right to contest the amount of such costs. Pursuant to DUCiv R 54-2(f) and Fed. R. Civ. P. 6(b), UPHE's deadline for the filing of any motion under 42 U.S.C. § 7604(d) for its costs of litigation, up to

-9-

the date of lodging of this decree, is hereby extended for a period of 30 days after entry of this Decree. During this time the Parties shall seek to resolve informally UPHE's claim for such costs. If the Parties cannot reach a resolution UPHE may seek such litigation costs from the Court. The Court shall retain jurisdiction to resolve any request for litigation costs. UPHE reserves its right to seek litigation costs for any work performed after the lodging of this Decree.

## XI. MISCELLANEOUS PROVISIONS

37. <u>Construction</u>. The language in all parts of this Decree, unless otherwise stated, shall be construed according to its plain and ordinary meaning. All parties shall be responsible under this Decree for their acts, and any acts they caused to be taken.

38. <u>Choice of Law</u>. This Decree shall be governed by the laws of the United States.

39. <u>Notices</u>. Any correspondence, reports, or other documents required by or related to this Decree shall be sent by electronic mail transmission to the email addresses listed below:

For UPHE:
Reed Zars
reed@zarslaw.com

Michelle Fein
michelle@fein.law

Jonny Vasic
jvasic@uphe.org

Brian Moench
drmoench@yahoo.com

For TAP:

Edward Burns
Edward.burns@wheelpros.com

Kyle Pederson
Kyle.pederson@wheelpros.com

Peter Gould

Peter.Gould@squirepb.com

Erik Olson
eolson@mohtrial.com

Brian Stansbury
bstansbury@kslaw.com

Ryan Babiuch
RBabiuch@beneschlaw.com

Each Party shall promptly notify the other of any change in the above-listed contact information.

40. **Full Settlement.** This Decree constitutes a full and final settlement of this matter. The Parties expressly understand and agree that each Party has freely and voluntarily entered into this Decree with and upon advice of counsel.

41. **Modification.** This Decree may be amended or modified only by a writing signed by the Parties or their authorized representatives, and then by order of the Court.

42. **Counterparts.** This Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document. An executed copy of this Decree shall be valid as an original.

43. **Authority.** The undersigned representatives of UPHE and TAP are authorized to execute this Decree on behalf of the Party whom he/she/they represent.

44. **Signatures.** Digital copies of original signatures shall be deemed to be originally executed.

## XII. NOTICE OF DECREE

45. Pursuant to 42 U.S.C. § 7604(c)(3), this Decree shall be lodged with the Court and simultaneously presented to the United States for review and comment for a period not to exceed forty-five (45) days.

46. After the review period, the Decree may be entered by the Court. If the Decree is not entered by the Court, the Parties shall retain all rights they had in this litigation before the lodging of the Decree.

47. The Parties agree to cooperate in good faith to obtain prompt review of this Decree by the United States and the Court. If the United States or the Court comment on the Decree, and as a consequence the Decree is not entered, the Parties agree to discuss such comments and attempt to make such revisions as necessary to obtain entry of the Decree.

## XIII. FINAL JUDGMENT

48. Upon approval and entry of this Decree by the Court, this Decree shall constitute a final, unappealable judgment between the UPHE and TAP.

SO ORDERED, THIS _____ DAY OF _____, 2023.

BY THE COURT:

_____
DAVID B. BARLOW
United States District Judge

FOR PLAINTIFF UPHE:

_____            _____
UPHE Representative                                                       Dated


Approved as to form:

_____            _____
Reed Zars                                                                 Dated
Utah Bar No. 16351
Attorney at Law
910 Kearney Street
Laramie, Wyoming 82070
(307) 760-6268
reed@zarslaw.com


_____            _____
Michelle Fein                                                             Dated
Utah Bar No. 18065
50 W Broadway, Suite 333
Salt Lake City, UT 84101
(610) 761-7643
michelle@fein.law

FOR DEFENDANT TAP:

_____            3/14/2023
TAP Worldwide, LLC Representative         Dated
Edward Burns

Approved as to form:

_____            3/15/2023
Erik A. Olson                             Dated
Utah Bar No. 8479
Marshall, Olson & Hull
Ten Exchange Place, Suite 350
Salt Lake City, UT 84111
(801) 456-7655
eolson@mohtrial.com

FOR PLAINTIFF UPHE:

_Jonathan Vasic_                        03/13/23
Jonathan Vasic
UPHE Executive Director                   Dated

Approved as to form:

_REED ZARS_                      3/14/23
Reed Zars                               Dated
Utah Bar No. 16351
Attorney at Law
910 Kearney Street
Laramie, Wyoming 82070
(307) 760-6268
reed@zarslaw.com

_Michelle Fein_                    03/14/23
Michelle Fein                      Dated
Utah Bar No. 18065
50 W Broadway, Suite 333
Salt Lake City, UT 84101
(610) 761-7643
michelle@fein.law

FOR DEFENDANT TAP:

_____      _____
TAP Worldwide, LLC Representative        Dated

Approved as to form:

_____      _____
Erik A. Olson                           Dated
Utah Bar No. 8479
Marshall, Olson & Hull
Ten Exchange Place, Suite 350
Salt Lake City, UT 84111
(801) 456-7655
eolson@mohtrial.com