Attachment B



**U.S. Department of Justice**

Environment and Natural Resources Division

---

90-1-24-06099

*Law and Policy Section*  *Telephone (202) 514-1442*
*P.O. Box 7415*  *Facsimile (202) 514-4231*
*Washington, DC  20044-7415*

May 8, 2023

PROVIDED TO COUNSEL OF RECORD
TO SUBMIT TO THE COURT VIA ECF

Clerk's Office
United States District Court
District of Utah, Central Division
Orrin G. Hatch United States Courthouse
351 S. West Temple
Salt Lake City, UT 84101

      Re:    *Utah Physicians for a Healthy Environment, Inc., v. Tap Worldwide, LLC, et al*
             (D. Utah), Case No. 2:19-cv-00628

Dear Clerk of Court:

      I am writing to notify you that the United States has reviewed the proposed consent judgment in this action and does not object to its entry by this Court.

      On March 22, 2023, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Air Act, 42 U.S.C. § 7604(c)(3).[1]  This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

---

[1] The term "consent judgment" in the Clean Air Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case.  For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language.  Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials.  The Department monitors citizen suit litigation to review compliance with this requirement.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or an environmentally beneficial project payment sufficient to deter future violations, or combinations of the above.

In this case, the proposed consent decree requires, *inter alia*, that Tap Worldwide, LLC *et al* submit payments to two non-party organizations to be used for deposit into the Tampered Diesel Truck Restoration Program dedicated solely to restore tampered diesel trucks to OEM specifications and to support efforts in reducing the number of confirmed tampered vehicles primarily operating in Weber County but not registered in Weber County or any other non-attainment county. Where a consent judgment provides for the payment of sums to a third party that is to undertake an environmentally beneficial project and/or acquire a property interest that will have environmental benefits, the United States typically requests that the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax-exempt entity (or non-federal public entity or political subdivision) and that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the funds were spent.

In letters attached as Exhibit A, the intended recipients of the funds provided these representations, including that any funds received as a result of the proposed consent decree would be used solely for the purpose outlined in the consent decree and no portion of the funds would be used for political lobbying activities. The United States believes that these letters will help to ensure that any monies expended under the consent judgment will be used in a manner that furthers the purposes of the Clean Air Act and that is consistent with the law and the public interest.

Given the facts of this case, the United States has no objection to the proposed consent judgment. The fact that we do not have a basis to object to this consent judgment does not imply approval of this instrument.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may

"bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party).  The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications.  *See* 33 U.S.C. §1365(c)(3).

      We appreciate the attention of the Court.  Please contact the undersigned at 202-514-4767 if you have any questions.

Sincerely,

*/s/ David S. Gualtieri*

David S. Gualtieri, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C. 20044-4390
David.Gualtieri@usdoj.gov

cc:     Counsel on Record via ECF

# Exhibit A



Physical: 22 S State Street, Clearfield, UT 84015
Mailing: PO Box 618, Farmington, UT 84025
daviscountyutah.gov/health

April 24, 2023

Via Electronic Mail

Citizen Suit Coordinator
Attn: Chelsea McDonald
Environmental and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington D.C., 20530

Re: Tampered Diesel Truck Program Agreement

Dear Ms. McDonald:

Davis County, through the Davis County Health Department, has recently reached a settlement in the case styled Utah Physicians for a Healthy Environment v. TAP Worldwide LLC, 2:19-cv-00628-DBB-DBP. Through this agreement the Health Department agrees to allocate any funds it may receive as ordered by the Court to its Tampered Diesel Truck Restoration Program, as set forth in the Tampered Diesel Truck Restoration Program Agreement ("the Agreement"), attached hereto as Exhibit A.

Further, the County represents the following:
1) Davis County is a local public entity committed to providing public services, including public health services through the Davis County Health Department. Environmental Health services is a core area of the public health services the Health Department provides;
2) I hereby certify that I have read the Agreement attached as Exhibit A;
3) The Health Department commits to only spend any funds it receives under the Agreement in accordance with the purposes specified in the Agreement;
4) The Health Department will not use any funds received through the Agreement for political lobbying activities; and
5) The Health Department agrees, following expenditure of funds provided in the Agreement, to submit to the Court, the United States, and the parties to this action a letter detailing how the funds were utilized. In addition, I have attached as Exhibit B a project description of how the Health Department intends to spend the funds received as a result of this Agreement.

Please feel free to contact me if you require any additional information.

Best,

Brian Hatch, Director Davis County Health Department

cc:    Reed Zars, Attorney for Utah Physicians for a Healthy Environment

Healthy Choices. Healthy People. Healthy Communities.



**BRIAN COWAN, MPH, LEHS**
Health Officer/Executive Director

April 24, 2023

**WEBER-MORGAN HEALTH DEPARTMENT**

The proposed consent judgment in UPHE v. TAP Worldwide, 2;19-cv-00628, requires TAP Worldwide to pay $100,000.00 to the Weber-Morgan Health Department ("Health Department") for an environmentally beneficial project. As a proposed recipient of such funding, the Health Department makes the following representations for your consideration:

1. The Health Department is not a 501(c)(3) entity. However, it is a local government entity and a political subdivision of the State of Utah.

2. The Health Department's health officer, director of the environmental health division, and attorney have read the proposed consent judgment.

3. The Health Department will spend all the money it receives from the proposed consent judgment for the purposes specified in the proposed consent judgment, more specifically "to support its efforts in reducing the number of confirmed tampered vehicles primarily operating in Weber County but not registered in Weber County or any other non-attainment county." See ¶ 25 of the Consent Decree.

4. The Health Department will not use any money received under the proposed consent judgment for political lobbying activities.

5. Following the expenditure of these funds, the Health Department will submit to the Court, the United States, and the parties a letter describing how the project funds were spent.

The Health Department has entered into an agreement with Utah Physicians for a Healthy Environment to facilitate the receipt and expenditure of this funding and to provide for reporting of those expenditures. See the attached executed agreement. Per this agreement, the Health Department will use the funds within 24 months of receiving them to support its "Fraudulent Out-of-County Vehicle Registration Enforcement Program." See Exhibit A of the attached agreement for program details. If any funds remain unspent after this 24-month period, the Health Department will allocate those funds to its "Vehicle Repair Assistance Program." See Exhibit B of the attached agreement for program details.

Please contact me if you have any questions or need additional information for your consideration.

Sincerely,

*[signature]*

**Scott Braeden, Director**
Environmental Health Division
Weber-Morgan Health Department
sbraeden@webercountyutah.gov
801-399-7143